**IN THE COURT OF APPEALS OF IOWA**

No. 14-0279
Filed July 22, 2015

**KEVIN EUGENE FRANK,**
        Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
        Respondent-Appellee.
_____

Appeal from the Iowa District Court for Boone County, Michael J. Moon, Judge.

An applicant appeals the district court's denial of his application for postconviction relief.  **AFFIRMED.**

Andrew J. Boettger of Hastings, Gartin & Boettger, L.L.P., Ames, for appellant.

Thomas J. Miller, Attorney General, Linda J. Hines, Assistant Attorney General, Dan Kolacia, County Attorney, and Kailyn M. Heston, Assistant County Attorney, for appellee.

Considered by Vogel, P.J., and Potterfield and Mullins, JJ.  Danilson, C.J. takes no part.

**VOGEL, P.J.**

Kevin Frank appeals the district court's denial of his application for postconviction relief (PCR). Frank contends his trial attorney was ineffective in failing to ensure he understood what he was pleading guilty to, failing to advise him of his duty to register as a sex offender, and failing to inform him of the application of the ten-year special sentence in Iowa Code section 903B.2 (2007).[1]

Frank filed a written guilty plea to assault with the intent to commit sexual abuse, an aggravated misdemeanor, in violation of Iowa Code section 709.11(3), in April 2011. The written guilty plea was a form document with handwritten additions indicating the elements of the crime to which Frank was pleading guilty, the factual basis for the crime, and a statement indicating Frank understood he would be required to register as a sex offender and would be subject to the ten-year special sentence under section 903B.2. Frank testified at the PCR hearing that he signed the form document, but at the time he signed it, the form did not contain any of the handwritten notations. Frank's trial counsel also testified at the PCR hearing. She stated at the time the guilty plea form was signed she explained to Frank the elements of the crime, the factual basis, the requirement to register as a sex offender, and the ten-year special sentence. She testified

---

[1] While the district court did not specifically state it was ruling on Frank's claims that counsel failed to ensure he understood what he was pleading guilty to or his duty to register as a sex offender, we will address the issues because the district court acknowledged these claims and all the claims Frank makes on appeal center around the same alleged failing by his counsel—the failure to advise him regarding the handwritten additions to the written guilty plea form. *See Lamasters v. State*, 821 N.W.2d 856, 864 (Iowa 2012) ("If the court's ruling indicates that the court considered the issue and necessarily ruled on it, even if the court's reasoning is 'incomplete or sparse,' the issue has been preserved.").

she would have never added the handwritten portions of the guilty plea document after Frank signed it. It was her testimony that the additional handwritten language was present on the document when Frank signed it, and she fully explained each part of that form to him. The PCR record also contained the transcript of the sentencing hearing where Frank acknowledged he understood he would be required to register as a sex offender and be subject to the ten-year special sentence.

After hearing the testimony and reviewing the record, the PCR court found Frank was fully advised prior to signing the written guilty and his arguments to the contrary were without merit. The court denied Frank's PCR application, and upon our de novo review of the record, we agree. *See Dempsey v. State*, 860 N.W.2d 860, 868 (Iowa 2015) (noting our review of an ineffective-assistance-of-counsel claim is de novo). The district court's decision is affirmed by memorandum opinion pursuant to Iowa Court Rule 21.26(1)(d) and (e).

**AFFIRMED.**